IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MEGAN KELSEY TABLER, | |
| Plaintiff, | Civil Action No. |
| v. | JURY TRIAL DEMANDED |
| 1) MEHDI, INC. d/b/a DAIRY QUEEN,<br>2) MUNIS M. MOMIN,<br>3) ALI MOMIN, and<br>4) AAY786, INC. d/b/a EDIBLE ARRANGEMENTS, | |
| Defendants. | |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Megan Kelsey Tabler ("Plaintiff" or "Tabler") brings this action against Mehdi, Inc. d/b/a Dairy Queen ("Mehdi") Munis M. Momin ("Munis"), and Ali Momin ("Ali") to obtain full and complete relief for Defendants' violation of the overtime pay requirements under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), as well as claims against AAY786, Inc. ("AAY786") and Ali for violations of Georgia law.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367.

1

3. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the unlawful employment practices described herein were committed within the Macon Division of the United States District Court for the Middle District of Georgia.

**PARTIES**

4. Tabler is a citizen of the United States of America and a resident of the state of Georgia.

5. Defendant Mehdi is a Georgia corporation with a principle place of business in Georgia.

6. Defendant Mehdi may be served with process by delivering a copy of the Summons and Complaint to its registered agent, Munis M. Momin, at 505 Midway Road, Powder Springs, GA 30127.

7. Defendant AAY786 is a Georgia corporation that may be served with process by delivering a copy of the Summons and Complaint to its registered agent, Abrarali Momin, at 1776 Jonesboro Rd., McDonough, GA 30253.

8. Munis is the Chief Executive Officer ("CEO") of Mehdi and has an ownership interest in AAY786, Inc. Munis may be served with process by delivering a copy of the Summons and Complaint to his home address at 505 Midway Road, Powder Springs, GA 30127.

9. Ali is the son of Munis, the Secretary of Mehdi, and the CFO and Secretary of AAY786. Ali may be served with process by delivering a copy of the Summons

and Complaint to the Dairy Queen located at 270 North 2nd Street, Cochran, Georgia 31014.

## FACTUAL ALLEGATIONS RELEVANT TO CLAIMS AGAINST MEHDI, ALI, AND MUNIS

10. Mehdi, Ali, and Munis are governed by and subject to 29 U.S.C § 206 and § 207.

11. At all relevant times, Defendant Mehdi was engaged in commerce or in the production of goods for commerce.

12. Mehdi does business as a Dairy Queen (Mehdi is a franchisee).

13. At all relevant times, Defendant Mehdi had at least $500,000.00 in annual gross volume of sales made or business done.

14. At all relevant times, Defendants Mehdi, Ali, and Munis were "employers" under the FLSA as that term is defined by 29 U.S.C. § 203(d).

15. Defendants Ali and Munis acted directly or indirectly in the capacity of an employer in relation to Tabler.

16. Defendants Ali and Munis determined the terms and conditions of Tabler's employment, including (but not limited to) Tabler's job duties, work hours and compensation.

17. Defendants Ali and Munis implemented policies and practices affecting Tabler's employment, including Mehdi's policy and practice of not paying overtime.

18. At all relevant times, Tabler was an "employee" of Mehdi, Ali, and Munis as that term is defined by 29 U.S.C. § 203(e).

19. From April 2016 to January 17, 2017, Tabler worked as a Store Manager for Mehdi at the Dairy Queen located at 270 North 2nd Street, Cochran, Georgia 31014 (the "Store").

20. At all relevant times, Tabler was paid on an hourly basis.

21. From April 2016 to in or about September 2016, Tabler was paid $10.00 per hour.

22. In or about October 2016, Tabler was paid $11.00 per hour, and as of November 2016, Tabler was paid $12.00 per hour.

23. In July 2016, Tabler started to work more than forty (40) hours per week.

24. Around that time, Tabler was scheduled to work a double shift (i.e., 12 hours) at least four days a week, and a single shift (i.e., six hours) at least two days a week.

25. During a double shift, a 30-minute lunch break was automatically deducted from Tabler's pay even though she consistently tended to customers during her lunch break.

26. Tabler also worked off the clock when she picked up inventory from and/or delivered inventory to the Dairy Queen located in Hawkinsville, Georgia, which is a 15-20-minute drive from the Store. Tabler drove to and from the Dairy Queen in Hawkinsville at least once a week.

27. Tabler worked 2.5 to 2.67 off-the-clock hours each week.

28. Tabler was paid straight time, not time and one-half her regular hourly rate of pay, for some overtime hours, and nothing at all for the hours she worked off-the-clock.

**FACTUAL ALLEGATIONS RELEVANT TO CLAIMS AGAINST AAY786, INC. AND ALI**

29. AAY786, Inc. ("AAY786") does business (or intends to do business) as an Edible Arrangements in the capacity of a franchisee.

30. Ali is the Secretary, CFO, and part owner of AAY786.

31. In 2016, AAY786 sought to purchase an existing Edible Arrangements store located at 1776 Jonesboro Rd., McDonough, GA 30253.

31a. Ali wanted to make Tabler the manager of that store.

32. In October 2016, while AAY786 was in the process of closing the Edible Arrangements deal, Ali required Tabler to attend a training session at the corporate headquarters for Edible Arrangements in order to obtain a management certification that all managers of Edible Arrangements franchises must obtain.

33. Since Edible Arrangements requires at least one franchise owner to have this management certification, Ali and AAY786 gave Tabler a ten percent (10%) interest in the new franchise in exchange for her obtaining the certification.

5

34. On January 27, 2017, Ali asked Tabler to sign what appeared to be a blank piece of paper. (Ali told Tabler that he needed her signature in order to close the Edible Arrangements deal.)

35. After Tabler signed the blank piece of paper, she quickly flipped it over while Ali was not looking and noticed that there was writing on the back purporting to divest Tabler of her 10% interest in the franchise.

## COUNT ONE
## Violation of the Fair Labor Standards Act ("FLSA") for Failure to Pay Overtime Compensation)
**(Against Mehdi, Ali, and Munis)**

36. Tabler incorporates the foregoing Paragraphs 10-28 as if fully restated here.

37. Tabler was a non-exempt employee.

38. Tabler consistently worked more than 40 hours in a week as of July 2016.

39. Mehdi, Ali, and Munis were aware that Tabler worked overtime.

40. Mehdi, Ali, and Munis violated the FLSA by failing to pay Tabler time and one-half her regular hourly rate of pay for all hours worked over 40 in a week.

41. Tabler was paid straight time for 217.38 overtime hours, and nothing at all for 54.39 overtime hours (i.e., her off-the-clock overtime hours). Thus, Tabler is owed half-time for 217.38 overtime hours and time and one-half her regular hourly rate of pay for 54.39 overtime hours.

42. Mehdi, Ali, and Munis willfully disregarded their obligations under the FLSA.

43. It is well established that hourly employees are entitled to be paid overtime when they work more than 40 hours in a week.

44. As the direct and proximate result of Defendants' unlawful conduct, Tabler has suffered a loss of income and other damages.

45. Tabler is entitled to back wages, liquidated damages in an equal amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT TWO
### Fraud
### (Against Ali and AAY786)

46. Tabler incorporates the foregoing Paragraphs 29-35 as if fully restated here.

47. "Under Georgia law, a plaintiff alleging fraud must demonstrate: (1) a false representation by the defendant, (2) the defendant's knowledge that the information is false (scienter), (3) intention to induce the plaintiff to act or to refrain from acting, (4) justifiable reliance by the plaintiff, and (5) damage to the plaintiff." Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1288 (11th Cir. 2007).

48. Here, Ali, acting on behalf of AAY786, falsely told Tabler that she needed to sign what appeared to be a blank piece of paper because her signature was needed to close the Edible Arrangements deal.

49. Ali knew that this statement was false.

50. Ali wanted Tabler to sign so she would divest herself of her interest in AAY786, and Ali induced her to sign for that reason.

51. Tabler was justified in trusting Ali and in assuming that she would not be harming herself by signing what appeared to be a blank piece of paper.

52. Ali's fraudulent act has proximately harmed Tabler by serving to divest her of her shares in AAY786.

53. Ali's fraudulent act has proximately harmed Tabler in the amount of the monetary value of her shares in AAY786, together with other damages in an amount to be proven at trial.

## COUNT THREE
### Declaratory Judgment
### (Against Ali and AAY786)

54. Tabler incorporates the foregoing Paragraphs 29-35 as if fully restated here.

55. This is an alternative count. FRCP 8 permits Plaintiff to plead in the alternative.

56. This Cause of Action is brought pursuant to O.C.G.A. § 9-4-1 et seq.

57. There is a real and justiciable controversy between Tabler, Ali, and AAY786 ("the Parties") with regard to the validity of the "contract" that purportedly divested Tabler of her interest in AAY786.

58. It is necessary and proper that the rights and statuses among the Parties hereto be declared.

59. Tabler seeks a declaration of rights, including a declaration that:

(1)(a) the "contract" in question is unenforceable for lack of consideration, and

(b) by consequence, Tabler still maintains a 10% interest in AAY786;

**and/or**

(2) (a) the "contract" in question is subject to rescission because Tabler was fraudulently induced into signing it, **and**

(b) Tabler may rescind the "contract" at her election and thereby retain her 10% interest in AAY786.

## COUNT FOUR
## PUNITIVE DAMAGES
### (Against Ali and AAY786)

60. Tabler incorporates the foregoing Paragraphs 29-35 and Count Two as if fully restated here.

61. This claim is brought under OCGA 51-12-5.1.

62. To the extent Tabler can establish at trial by clear and convincing evidence that the acts of Ali and/or AAY786 or their agents were done willfully, maliciously, recklessly, without regard to consequences, or with intent to cause harm, Tabler may be entitled to an award of punitive damages.

## COUNT FIVE
## ATTORNEYS' FEES AND COSTS
### (Against Ali and AAY786)

63. Tabler incorporates the foregoing Paragraphs 29-35 and Counts Two, Three, and Four as if fully restated here.

64. This claim is brought under OCGA 13-6-11.

65. Some or all of Ali's and/or AAY786's acts and omissions were done in bad faith, demonstrate stubborn litigiousness, and/or have caused Tabler unnecessary trouble and expense. Consequently, Tabler may be entitled to recover her reasonable attorney fees and litigation expenses pursuant to OCGA 13-6-11.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief against Defendants:

A. A judgment in favor of Plaintiff for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA;

B. A judgment in favor of Plaintiff for compensatory damages, punitive damages, and reasonable attorneys' fees and costs in accordance with State law;

C. A declaratory judgment in the manner prayed for in Count Three, supra; and

D. Such other and further relief as this Court may deem just and proper.

Date: June 2, 2017

Respectfully submitted,

SMITH LAW, LLC

By:   */s/ William J. Smith*
     William J. Smith
     Georgia Bar No. 710280
     Louise N. Smith
     Georgia Bar No. 131786
     *Counsel for Plaintiff*

3611 Braselton Highway
Suite 202
Dacula, GA 30019
T: (678) 690-5299 (Office)
T: (678) 889-2264 (William direct)
T: (678) 889-2898 (Louise direct)
F: (844) 828-5615
william@smithlaw-llc.com
louise@smithlaw-llc.com

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury pursuant to Fed.R.Civ.P. 38(b).

                By:   */s/ William J. Smith*
                           William J. Smith

**FONT AND POINT VERTIFICATION**

I hereby certify that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font.

This 2nd day of June, 2017.

By: */s/ William J. Smith*
    William J. Smith

## CERTIFICATE OF SERVICE

I hereby certify that I have this 2nd day of June, 2017, caused service of the foregoing COMPLAINT to issue on all Parties by personal service pursuant to Fed. R. Civ. P. 4.

By: */s/ William J. Smith*
William J. Smith